Brian E. Claypool, Esq., State Bar# 134674
**THE CLAYPOOL LAW FIRM**
4 E. Holly Street, Suite 201
Pasadena, CA 91103
(626) 345-5480 (telephone)
(626) 787-1042 (fax)

Attorney for Plaintiff,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.G., a minor by and through his Guardian Ad Litem, Stefanie Gulick;<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA; OPEN DOOR COMMUNITY HEALTH CENTER, a federally qualified health center; STEFFEN LASSEN; and DOES 1-10, inclusive<br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Negligence<br>2. Negligent Supervision and Training<br>3. Res Ipsa Loquitur<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

G.G. is a minor by and through his Guardian Ad Litem Stefanie Gulick for his complaint against Defendants The United States of America and DOES 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This lawsuit seeks compensatory and punitive damages from Defendant for the wrongful and negligent conduct of its employees in connection with negligent dental work provided to G.G., resulting in him developing the herpes virus.

## PARTIES

2. At all relevant times, Plaintiff G.G, was a minor individual residing in County of Del Norte, California. G.G. sues by and through his natural mother and Guardian Ad Litem, STEFANIE GULICK.

3. At all relevant times, Defendant is the UNITED STATES OF AMERICA ("United States"). The United States operates Open Door Community Health Center, a federally qualified health center under the Federally Supported Health Centers Assistance Act of 1992. At all relevant times, the United States was the employer of Defendants DOES 1-10. DOES 1-10 are sued in their individual capacity for damages only.

4. At all relevant times, Defendant Open Door Community Health Center "Open Door", was operating in Del Norte County, California. Open Door was dba as Del

Norte Community Health Dental Clinic. It was the direct employer of Steffen Lassen, D.D.S.

5. At all relevant times, Steffen Lassen, D.D.S. was an employee of Open Door as a dentist.

6. At all relevant times, Defendants DOES 1-10 were duly appointed federal employees and/or agents of the United States, subject to oversight and supervision by the United States.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the UNITED STATES.

8. At all times mentioned herein, each and every UNITED STATES defendant was the agent of each and every other UNITED STATES defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every UNITED STATES defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. On May 17, 2019, Plaintiff filed a comprehensive and timely claim for damages with the UNITED STATES pursuant to applicable sections of the Federal Tort Claims Act.

11. Plaintiff's claim was rejected on October 18, 2019.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged wrongful and negligent conduct of federal employees and cites the United States as defendant in the action. Jurisdiction is founded on 28 U.S.C. §1346(b).

13. Venue is proper in this Court under 28 U.S.C. §§1391(b), 1402(b), because all incidents, events, and occurrences giving rise to this action occurred in the County of Del Norte, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. The United States funds and operates Open Door Community Health Center, a federally qualified health center under the Federally Supported Health Centers Assistance Act of 1992. Defendant Open Door Community Health Center "Open Door", was dba as Del Norte Community Health Dental Clinic. It was the direct employer of Steffen Lassen, D.D.S.

16. Steffen Lassen ("Lassen") was a dentist employed at Del Norte Community Health Clinic. Plaintiff has it on information and belief that his last day at Open Door was January 11, 2019.

17. On October 29, 2018, 4-year-old G.G. had a dentist appointment at Del Norte Community Health Dental Clinic with Lassen. The appointment was for a cavity filling on the bottom right side of G.G.'s mouth.

18. Immediately following the appointment, G.G.'s right side bottom lip was swollen, red, and had a white laceration. The next morning, G.G.'s lip had doubled in size and was black and green.

19. G.G.'s parents took him to the emergency room at Sutter Coast Hospital. ER Doctor Aaron Stutz immediately thought it could be herpes and treated it like a cold sore, prescribing an anti-fungal medication. G.G.'s parents then notified Del Norte Community Health Dental Clinic about G.G.'s condition and were told to go to the clinic to file a formal complaint. A complaint was filed on October 30, 2018 with the Health side of the clinic because the dental clinic was closed, despite it being a weekday.

20. On October 31, 2018, G.G.'s lip was progressively worse. His lip was still swollen, but was now black with a mucus lime green and there was a yellow sack inside his lip and smelled like rotting flesh. G.G. was taken to the emergency room again. Dr. Stutz was there and stated the herpes looked infected and prescribed an

antibiotic. Dr. Stutz warned G.G.'s parents that herpes was contagious so they needed to wash their hands very well and keep G.G.'s lip dry. He also instructed they put triple antibiotic ointment on the lip a few times a day.

21. Following G.G.'s visit to the emergency room, his mother Stefanie Gulick ("Gulick") went to Del Norte Community Health Dental Clinic to follow up with her complaint. Interesting enough, the dental clinic was closed during business hours.

22. Later in the day, On October 31, Gulick received a call from the dental manager requesting she take G.G. in for an evaluation. Dr. Lassen spoke with Ms. Gulick when she arrived and attempted to dismiss G.G.'s herpes by stating that it was a common injury in children who are under anesthesia due to the child biting their lip while numb.

23. On November 2, 2018, G.G. saw Suzie Q. Schwarz. She evaluated G.G.'s mouth and took two swabs to be sent to the lab for testing for the HSV-1 and HSV-2 (herpes) virus; MRSA; and Staph to determine what was on G.G.'s lip. She prescribed an antibiotic ointment. Later that same day, the hospital called Ms. Gulick and asked she return with G.G. so he could be seen by Dr. Ukatu, a specialist. After conducting an evaluation, Dr. Ukatu determined G.G. had herpes.

24. On G.G.'s November 5, 2018 follow-up visit with Dr. Schwarz stated that G.G. had herpes.

25. G.G.'s parents and sibling did not have herpes at any time before G.G. contracted it. Plaintiff has it on information and belief that G.G. was not directly exposed to anyone with herpes. G.G. showed signs of developing the herpes virus soon after his dental visit with Lessen.

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE

(Against All Defendants)

26. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. The actions and inactions of the Defendants were negligent and reckless, including, but not limited to:

    (a) the failure to properly and adequately assess whether employees and/or other patients were infected with herpes;

    (b) the negligent failure of employees to use gloves at all times;

    (c) the negligent failure to properly and adequately sanitize equipment, including, but not limited to, dental headpieces;

    (d) the negligent failure to properly and adequately sanitize the areas that employees and patients come into contact with, including, but not limited to counters, trays, and dental charts;

(e) the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-5;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the health and safety of Plaintiff.

28. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and ultimately developed the herpes virus which there is not curable. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

29. The United States is liable for the wrongful acts of its employees and Defendants DOES 1-10, inclusive, pursuant to the Federal Tort Claims Act, which provides that the United States is liable for the injuries caused by its employees that were within the scope of the employment. Said act or omission must be such that the United States, if a private person, would be liable to the plaintiff.

## SECOND CLAIM FOR RELIEF

### NEGLIGENT SUPERVISION & TRAINING
### (Against all Defendants)

30. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. As a health facility, Open Door expressly and implicitly represented that its employees and providers would be properly supervised and trained to protect the health and safety of its patients.

32. Defendants negligently failed to supervise LESSEN, and DOES Defendants allowing them to be able to commit negligent and wrongful acts in the performance of their duties, causing Plaintiff G.G. to be infected with the herpes virus. Defendants further failed to take reasonable measures to ensure its employees were performing proper sanitation of equipment and surfaces that individuals came into contact with.

33. At no time during the periods of time alleged did Defendants have in place a system or procedure to reasonably supervise and train employees in carrying out proper sanitation of equipment, surfaces and common areas.

34. Defendants were or had reason to be aware and understand how easily the herpes virus can be transmitted from one person to another in a dental facility. The spreading of the disease is well documented in the dental setting.

35. Defendants' conduct was a breach of their duties to Plaintiff G.G.

36. Defendants breached their duty to G.G. by, *inter alia*, failing to adequately monitor and supervise Lessen and DOES Defendants. This belief is founded on the fact that employees, knew or should have known of the ease with which the herpes virus could be transmitted in a dental facility and the importance of proper sanitation.

37. As a result of the above-described conduct, Plaintiff G.G. has

suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from obtaining the full enjoyment of life; and will incur continued expenses for medical and psychological treatment, therapy, and counseling.

38. The United States is liable for the wrongful acts of its employees and Defendants DOES 1-10, inclusive, pursuant to the Federal Tort Claims Act, which provides that the United States is liable for the injuries caused by its employees that were within the scope of the employment. Said act or omission must be such that the United States, if a private person, would be liable to the plaintiff.

### THIRD CLAIM FOR RELIEF

**RES IPSA LOQUITUR**
**(Against all Defendants)**

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. Plaintiff G.G. entered Del Norte Community Health Dental Clinic as a healthy little boy. There was no history of sores, or any other symptoms associated with the herpes virus. Following his dental visit, G.G. immediately exhibited signs that something was wrong. His right side bottom lip was swollen, red, and had a white laceration. The next morning, G.G.'s lip had doubled in size and was black and green.

- 10 -

COMPLAINT

The emergency room doctor believed G.G. to have herpes. Test results received within the week confirmed G.G. had herpes.

41. Ordinarily, a healthy individual being treated at a dentist's office, like G.G., who immediately afterwards exhibits signs of developing the herpes virus would not have contracted the virus from something or someone at the dentist's office, unless someone was negligent.

42. The harm suffered by G.G., was caused by unsanitary equipment, surface areas, or employees, all of which were under Defendants' exclusive control.

43. G.G.'s conduct did not contribute to the harm he suffered. G.G. only went to the dental office to have a cavity filled and then home. Following the dental visit, G.G.'s right side bottom lip was swollen, red, and had a white laceration. The next morning, G.G.'s lip had doubled in size and was black and green. The emergency room doctor opined that G.G. had herpes. Test results later confirmed this.

44. The United States is liable for the wrongful acts of its employees and Defendants DOES 1-10, inclusive, pursuant to the Federal Tort Claims Act, which provides that the United States is liable for the injuries caused by its employees that were within the scope of the employment. Said act or omission must be such that the United States, if a private person, would be liable to the plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and Defendants, and DOES 1-10, inclusive, as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For punitive damages in an amount to be proven at trial;

C. For reasonable costs of this suit and attorney's fees; and

D. For such further relief as the Court may deem just and appropriate.

DATED: April 17, 2020                               **THE CLAYPOOL LAW FIRM**

_____
Brian E. Claypool, Esq.,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 17, 2020

**THE CLAYPOOL LAW FIRM**

_____
Brian E. Claypool, Esq.,
Attorney for Plaintiff