IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.G., a minor by and through his Guardian Ad Litem, Stefanie Gulick,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02690-MMC<br><br>**ORDER GRANTING UNITED STATES OF AMERICA'S MOTION TO DISMISS OR STRIKE; AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING** |

　　　　Before the Court is defendant United States of America's Motion, filed July 20, 2020, "to Dismiss and in the Alternative Strike Portions of Plaintiff's Complaint." Plaintiff G.G. has filed opposition, to which the United States has replied. Having read and considered the papers filed in support and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 28, 2020, and rules as follows:

　　　　1. As the United States asserts, and plaintiff acknowledges (see Pl.'s Opp. at 4:2-3), the only proper defendant in the above-titled action is the United States. Accordingly, defendants Open Door Community Health Clinic and Steffen Lassen will be dismissed.

　　　　2. As the only remaining defendant is the United States, and each of plaintiff's claims is brought pursuant to the Federal Tort Claims Act ("FTCA"), plaintiff's jury demand will be stricken. See Nurse v. United States, 226 F.3d 996, 1005 (9th Cir. 2000) (holding jury trials "impermissible in FTCA claims").

　　　　3. To the extent the First Claim for Relief, titled "Negligence," is based on a theory that plaintiff's injuries are the result of the United States' alleged failure to "properly train

and supervise employees" (see Compl. ¶ 27(e); see also Compl. ¶ 27(f)), the First Claim for Relief is subject to dismissal. Specifically, any such claim is barred by the discretionary function exception to the FTCA, as plaintiff fails to "allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." See United States v. Gauberts, 499 U.S. 315, 324-25 (1991); see also id. at 332 (holding plaintiff failed to state FTCA claim where "nothing in [plaintiff's] complaint effectively alleg[ed] that the discretionary acts performed by [government employees] were not entitled to the exception"); Nurse, 226 F.3d at 1001-02 (holding "supervision and training" fall "squarely within the discretionary function exception"; explaining exception applies where challenged acts "involve an element of judgment or choice" and the "judgments and choices . . . are those grounded in social, economic, and political policy").[1]

    4. The Second Claim for Relief, titled "Negligent Supervision [and] Training," is, as its title indicates, based on a theory that plaintiff's injuries are the result of the United States' alleged negligent supervision and training of employees (see Compl. at 8:23-25; ¶¶ 32, 33, 36),[2] and is subject to dismissal for the reasons stated above.

    5. The Third Claim for Relief, titled "Res Ispa Loquitor," is subject to dismissal. Res ipsa loquitor is an evidentiary doctrine by which a plaintiff may seek to establish a negligence claim. See Wilson v. United States, 645 F.2d 728, 730 (9th Cir. 1981) (holding "application of the doctrine of res ipsa loquitor simply makes it permissible to draw an inference of negligence from a set of facts"). It is not itself a "stand-alone cause of action." See E.J. v. United States, 2013 WL 6072867, at *3 (N.D. Cal. November 14,

---

[1] In his opposition, plaintiff asserts that "because there are mandatory directives to supervise and train Health Center employees in statutes, regulations, and policies that are explained in [a] compliance manual, the discretionary [function exception] does not apply." (See Pl.'s Opp. at 8:24-26.) As the complaint contains no reference to any mandatory directives, however, the Court does not consider such argument at this time.

[2] As the United States observes, the Second Claim for Relief appears to be duplicative of the First Claim for Relief to the extent the First Claim for Relief is based on a theory of negligent supervision and training.

2

2013) (dismissing "res ipsa loquitor" claim without prejudice to plaintiff's arguing doctrine applies to support existing negligence claim).

## CONCLUSION

The United States' motion to dismiss or, in the alternative, strike is hereby GRANTED, as follows:

1. Plaintiff's claims against Open Door Community Health Clinic and Steffen Lassen are hereby DISMISSED.

2. Plaintiff's jury demand is hereby STRICKEN.

3. To the extent the First Claim for Relief is based on claims of negligent supervision and negligent training, the First Claim for Relief is hereby DISMISSED with leave to amend.

4. The Second Claim for Relief is hereby DISMISSED with leave to amend.

5. The Third Claim for Relief is hereby DISMISSED.

6. If plaintiff wishes to file a First Amended Complaint, plaintiff shall file it no later than September 11, 2020.  If plaintiff does not file a First Amended Complaint by the deadline provided, the above-titled action will proceed on the remaining portions of the First Claim for Relief.

In light of the above, the Case Management Conference is hereby CONTINUED from October 9, 2020, to November 20, 2020, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than November 13, 2020.

**IT IS SO ORDERED.**

Dated: August 24, 2020

MAXINE M. CHESNEY
United States District Judge